FILED

AO 241 (Rev. 09/17)

JAN 07 2025

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY** CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| **United States District Court** | District: WESTERN |
| Name (under which you were convicted): JUAN ROBERTO RODRIGUEZ | Docket or Case No.: |
| Place of Confinement : JESTER III UNIT | Prisoner No.: 570369 CON-CURRENT WITH 02303257 |
| Petitioner (include the name under which you were convicted) ROBERT RODRIGUEZ | Respondent (authorized person having custody of petitioner) v. BOBBY LUMPKIN, DIR. TEX. DEPT. CRIM. JUSTICE-INSTL. DIV. |
| The Attorney General of the State of: KEN PAXTON | |

SA25CA0022JKP

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    227th DISTRICT COURT
    BEXAR COUNTY, TEXAS

    (b) Criminal docket or case number (if you know): 1990 CR 1294

2.  (a) Date of the judgment of conviction (if you know): 7-23-1990

    (b) Date of sentencing: 7-23-1990

3.  Length of sentence: ORIGINAL 20 YRS., ILLEGALLY EXTENDED 25 YRS. (Id., EXHIBIT "A" 6 PAGS)

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    ARSON 2ND DEGREE..., Id., (EXHIBIT "A" 6 PAGES) "DEFENDANTS
    AFFIDAVIT OF ADMONITIONS JURY WAIVER" (HEREIN ATTACHED
    AS PROOF).

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)

    ☑ (2)  Guilty            ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *I PLEAD GUILTY TO 2ND DEGREE ARSON AND JUDGE SAID GIVING YOU THE MAXIMUM AND WROTE 20 EVERYBODY SIGNED AND AGREED ON IT. A MOMENT LATER ONE D.A. ASK IF I BEEN TO PRISON AND SAID YES AND WAS ASKED TO SIGN PAGE 5, THE 25 YRS. WAS NOT THEIR AND THE D.A. TURNED AROUND WROTE 25 YRS., AND HANDS TO THE JUDGE... THE JUDGE SAID: I'm NOT SIGNING, THAT! JA, (EXHIBIT "A")*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☑ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No *HEARING PROVIDED*

8.    Did you appeal from the judgment of conviction?

☐ Yes    ☑ No

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _COURT OF CRIMINAL APPEALS OF TEXAS_

(2) Docket or case number (if you know): _WR-30,183-19_

(3) Date of filing (if you know): _10-11-2024_

(4) Nature of the proceeding: _APPLICATION FOR WRIT OF MANDAMUS_

(5) Grounds raised: _PETITIONER HAS ATTACHED A COPY OF THE_
_APPLICATION FOR WRIT OF MANDAMUS FOR THE HONORABLE_
_JUDGES REVIEW... ALSO INCLUDED 2 WHITE CARD'S PERTAINING_
_TO EXHIBIT "B" APPLICATION FOR WRIT OF MANDAMUS..._
_FROM COURT OF CRIMINAL APPEALS OF TEXAS, ARE_
_ATTACHED HEREIN._

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _N/A_

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____ *N/A* _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____ *N/A* _____

(8) Date of result (if you know): _____ *N/A* _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: _N/A_

(8) Date of result (if you know): _N/A_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☒ No

(2) Second petition:    ☐ Yes    ☒ No

(3) Third petition:    ☐ Yes    ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_NO STATE COURT HAS PROVIDED A FAIR OPPORTUNITY TO BE HEARD AND CONSIDERATION OF OBVIOUS ISSUE FROM TRIAL RECORDS, TO BE RESOLVED._

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _"PETITIONER IS BEING DEPRIVED DUE PROCESS TO BE HEARD AND COURTS FAILURE TO RESOLVE LEGALITY OF HIS ILLEGAL CONFINEMENT."_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_PETITIONER HAS ARGUED THE TRIAL RECORD OF THE COURT'S PROCEEDINGS (HEREIN ATTACHED EXHIBITS "A" & "B") AND ALL PRIOR WRIT OF HABEAS CORPUS APPLICATIONS HAVE EITHER BEEN DENIED OR DISMISSED WITHOUT ANY FINDINGS OR CONCLUSIONS OF LAW. THE ISSUE OF PETITIONERS ILLEGAL CONFINEMENT IS EXTENDED BE-YOND THE WRITTEN JUDGMENT OF 20 YRS. AGREED UPON. ID, (EXHIBIT "A"). PETITIONER HAS SERVED 15 YRS. IN EXCESS OF ORIGINAL JUDGMENT._

(b) If you did not exhaust your state remedies on Ground One, explain why:

_N/A_

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _PETITIONER PLEAD GUILTY TO THE OFFENSE OF 2ND DEGREE ARSON, NO DIRECT APPEAL WAS MADE BY TRIAL COUNSEL._

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _WRIT OF HABEAS CORPUS APPLICATION_

Name and location of the court where the motion or petition was filed: _227TH JUDICIAL DISTRICT COURT, BEXAR COUNTY, TEXAS._

Docket or case number (if you know): _1990 CR 1294 W1-10_

Date of the court's decision: _UNKNOWN MULTIPLE DATES_

Result (attach a copy of the court's opinion or order, if available): _DISMISSED OR DENIED WITHOUT WRITTEN ORDER._

(3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _FOURTH COURT OF APPEALS IN SAN ANTONIO, TEXAS_

Docket or case number (if you know): _04-22-00238-CR_

Date of the court's decision: _UNKNOWN_

Result (attach a copy of the court's opinion or order, if available): _AFFIRM CT. APP'S DID NOT CONSIDER MULTIPLE MOTIONS FOR REVIEW, SUCH AS "MOTION REQUEST AN ORDER OF DECISION" DATED: JUNE 23RD 2022._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

AO 241 (Rev. 09/17)

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *PETITION FOR DISCRETIONARY REVIEW PD-NUMBER UNKNOWN LOST DOCUMENT*

**GROUND TWO:** *N/A*

**(a) Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

*N/A*

**(b)** If you did not exhaust your state remedies on Ground Two, explain why:

*N/A*

**(c)    Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *N/A*

**(d)    Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:    *N/A*

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

*N/A*

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available): N/A

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

N/A

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____ N /A _____

_____ _____

(c)     **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes      ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____ N /A _____

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes      ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____ N /A

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____ N /A _____

    (3) Did you receive a hearing on your motion or petition?      ☐ Yes      ☐ No

    (4) Did you appeal from the denial of your motion or petition?      ☐ Yes      ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ☐ Yes      ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____ N /A

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____ N /A _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N / A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**    _N / A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_N / A_

(b) If you did not exhaust your state remedies on Ground Four, explain why:

_N / A_

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_N / A_

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:    _N / A_

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏ Yes     ❏ No

(4) Did you appeal from the denial of your motion or petition?     ❏ Yes     ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏ Yes     ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

N/A

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:    N/A

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:    N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.    N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.    N/A

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____ N/A _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____ N/A _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: ___ N/A ____

_____

_____

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ☐  Yes          ☐  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____ N/A _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ☐  Yes          ☐  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____ N/A _____

_____

_____

_____

AO 241 (Rev. 09/17)



---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *DISCHARGE PETITIONER from HIS ILLEGAL CONFINEMENT, ANY OTHER RELIEF ENTITLED TO.*

or any other relief to which petitioner may be entitled.

_____ *N/A*
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *JAN, 1st, 2025* (month, date, year).

Executed (signed) on *JAN, 1st, 2025* (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____ *N/A*
_____
_____

_____

**PLEA OF GUILTY**

CAUSE NO. *9DCR1254*

THE STATE OF TEXAS § IN THE *227* DISTRICT COURT

VS. §

*Juan Roberto Rodarguez* § BEXAR COUNTY, TEXAS.

## DEFENDANT'S AFFIDAVIT OF ADMONITIONS
### JURY WAIVER

I, *JUAN* _____, THE DEFENDANT, BEING PRESENT IN COURT IN PERSON AND WITH THE UNDERSIGNED COUNSEL, HEREBY WAIVE formal arraignment and reading of the indictment or information in the above numbered and styled cause, wherein I am now charged with the offense of *Arson* _____

I hereby enter a plea of GUILTY to this charge, the penalty for which as prescribed by law is; *2°* SECOND-DEGREE FELONY - 2 TO 20 YEARS AND IN ADDITION A POSSIBLE FINE NOT TO EXCEED $10,000

Upon my plea, I represent to the Court as follows:

1. I am mentally competent now and was mentally competent at the time that this offense was committed.

2. My plea is entered without any consideration of fear, and I have not been threatened in any manner whatsoever.

3. My plea is entered without any persuasion and I have been promised nothing for my entering such plea.

4. I understand that the recommendation of the prosecuting attorney as to punishment is not binding on the Court.

5. I fully understand that the Court may accept or reject any plea bargaining agreement made between the State and myself.

220-12.1 OCT '87

EXHIBIT "A" PAGE 2

CAUSE NO. 90CR1294

DEFENDANT'S AFFIDAVIT OF ADMONITIONS AND
JURY WAIVER — CONTINUED

6. I fully understand that, should there be such
agreement, the terms of which are attached hereto
and incorporated herein for all purposes, and the
Court reject any such plea bargaining agreement, I
shall be permitted to withdraw my plea of GUILTY
and that no statement or other evidence received
during such hearing on my plea of GUILTY may be
admitted against me on the issue of guilt or
punishment in any subsequent criminal proceeding.

7. I understand that if the punishment does not exceed
the punishment recommended by the prosecutor and
agreed to by me and my attorney, the trial Court
must give its permission to me before I may
prosecute an appeal on my matter in the case except
those matters raised by written motion filed prior
to trial.

8. I am entering a plea of GUILTY to this case,
because I am guilty and for no other reason.

VOL 1081PG 0313

220-12-2 OCT 87

*Exhibit A, page 3*

CAUSE NO. 90CR1294

**DEFENDANT'S AFFIDAVIT OF ADMONITIONS AND
JURY WAIVER — CONTINUED**

I have had my Constitutional rights explained to me by my attorney, and it is my desire to enter this plea and waive the right of trial by jury in this case.   I hereby, in person and in open court request by writing the consent and approval of the State's Attorney and of the Court on waiving the right of trial by jury.   I am satisfied with my counsel in this case.

_____
DEFENDANT

SWORN TO AND SUBSCRIBED BEFORE ME THIS 23d DAY OF
_____, 1990.

_____
DEPUTY DISTRICT CLERK

As Counsel for the Defendant in this case, I have counseled with and advised with said Defendant and it is my opinion that the Defendant is mentally competent and does understand the nature and consequences of these proceedings.   I have explained to him his right to trial by jury and he has expressly stated that he desires to waive this right and we do hereby waive it.

_____
ATTORNEY FOR DEFENDANT

220-12-3 OCT 87

CAUSE NO. 90CR1294

**DEFENDANT'S AFFIDAVIT OF ADMONITIONS AND
JURY WAIVER — CONTINUED**

This is my consent and approval to waive the jury in the case, the style and number of which is set out above.

_____
ASS'T CRIMINAL DISTRICT ATTORNEY

The application to waive the Jury is approved and my consent is hereby given and entered of record.

The Court having considered the foregoing plea of GUILTY of the Defendant, it plainly appears to the Court that the defendant is mentally competent, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt; and the Court having duly admonished the Defendant of the consequences of his plea, and the Defendant having persisted in pleading GUILTY, the Court accepts the defendant's plea of GUILTY and hereby approves this the defendant's Affidavit of Admonitions, and ORDERS this plea and jury waiver filed and entered upon the minutes of this Court.

SIGNED AND ENTERED THIS THE _____ DAY OF JUL 2 3 1990

19____.

FILED
JUL 2 3 1990
10 o'clock 0 A M
DAVID J. GARCIA
Clerk of the District Courts
Bexar County, Texas

_____
BY _____ DEPUTY

_____
JUDGE PRESIDING

220-12.4 OCT 87

*EXHIBIT A PAGE*

CAUSE NO. *90CR1294*

DATE: *7-23-90*

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | *221* JUDICIAL DISTRICT |
| *Juan Roberto Rodriguez* | § | BEXAR COUNTY, TEXAS |

I, the undersigned Defendant, together with my counsel and counsel for the State, agree that in exchange for the Defendant's agreement to plead *GUILTY* and to allow the State to prove its case by means of written stipulations, the State agrees to recommend punishment as follows:

*25 years TDC*

The above terms constitute our agreement, and there are no agreements not set forth above.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ASSISTANT DISTRICT ATTORNEY

Attachment to Defendant's Affidavit
or Admonitions/Jury Waiver

220-12-3 OCT/87



# CRIMINAL DOCKET

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I. MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*January 06, 2021*

**MARY ANGIE GARCIA,**
**BEXAR COUNTY, TEXAS**

By:

ADINA RUIZ, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

Case Number: 1990CR1294                Document Type: JUDGEMENT

Page 3 of 3

PETITIONER'S
EXHIBIT "B" 2 PAGE

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
WRIT NO. _____
TR. CT. NO. 1990-CR-1294

IN RE:

ROBERT RODRIGUEZ AKA JUAN ROBERTO RODRIGUEZ
RELATOR,

V.

HONORABLE UNKNOWN JUDGE'S OF THE TEXAS COURT OF CRIMINAL APPEALS
RESPONDENT,

RELATOR'S APPLICATION FOR WRIT OF MANDAMUS

BEFORE ... THE HONORABLE CHIEF JUDGE'S DECISION:

AUTHORITY TO ISSUE WRIT

THE COURT OF CRIMINAL APPEALS HAS BOTH CONSTITUTIONAL AND STATUTORY AUTHORITY TO ISSUE THE WRIT OF MANDAMUS IN CRIMINAL LAW MATTERS TEX. CONST. ART. 5, §5; C.C.P. ART. 4.04, §1. THIS AUTHORITY EXTENDS TO ALL CRIMINAL LAW MATTERS AND IS NOT RESTRICTED SOLELY TO ORDERS NECESSARY TO PROTECT THE COURT'S JURISDICTION OR TO EN- FORCE ITS JUDGMENT; DURROUGH V. STATE, 620 S.W.2d 134, 144 (TEX. CRIM. APP. 1981). THE AUTHORITY EXTENDS TO ANY SITUATION IN WHICH A CRIMINAL LAW IS THE SUBJECT OF THE LITIGATION. FOR EXAMPLE, THE ENFORCEMENT OF AN ORDER ISSUED PURSUANT TO A CRIMINAL STATUTE IS A "CRIMINAL LAW MATTER" HAS ALSO BEEN CONSIDERED TO CONTEMPLATE AN ORIGINAL PROCEEDING THAT IMPLICATES THE GENERAL CRIMINAL LAW, REGARDLES of WHETHER A CRIMINAL LAW IS THE SUBJECT OF THE EXTRAORDINARY MATTER. SEE, SMITH V. FLACK, 728 S.W. 2d 784, 784 (TEX. CRIM. APP, 1987) (CONCURR- ING OPINION),

IN SUPPORT OF THIS APPLICATION FOR WRIT OF MANDAMUS, RELATOR SHOWS THE FOLLOWING:

I.

RELATOR, ON JUNE 24TH 2024, MAILED HIS WRIT OF HABEAS CORPUS APPLICA- TION WITH MEMORANDUM OF LAW IN SUPPORT AND COURT RECORDS, LETTERS TO TDCJ ID OFFICIAL TO PROVE RELATOR HAS BEEN INCARCERATED PAST HIS PRESUMPTIVE DISCHARGED DATE 5-24-2023, Id. TDCJ I.D. No. 00570369.

RELATOR ALLEGES THE TRIAL COURT FAILED TO ISSUE ANY FINDINGS AND CONCLUSION'S OF LAW TO CORRECT A SENTENCE THAT HAS BEEN ENTERED IN VIOLATION OF THE LAW OR THAT IS UNAUTHORIZED BY LAW. Id,

BEXAR COUNTY TRIAL RECORD'S CAUSE NO. 1990CR1294, THE STATE OF TEXAS VS. JUAN ROBERTO RODRIGUEZ DEFENDANT'S AFFIDAVIT OF ADMONITIONS JURY WAIVER VOL. 189 APG 0393 (2 PAGES) AND VOL. 189 APG 0394 (2 PAGES) THE 20 YEARS FOR ARSON 2ND DEGREE WAS SIGNED AND ENTERED AND AGREED UPON RELATOR'S PLEA OF GUILTY.

ON AN ATTACHMENT VOL. 189 APG0395, RELATOR WAS ASKED TO SIGN THAT PAGE WHERE THE 25 YRS TDC WAS NOT THERE, AND WHERE THE ILLEGAL UNAUTHORIZED SENTENCE APPEARS AND ID. AT CRIMINAL DOCKET SHEET SOMEONE COMMITTED FORGERY AND CHANGE DATE OF CONVICTION FROM JULY 23RD 1990 TO AUGUST 6TH 1996, CHANGED THE 2 TO 20 TO 5 TO 99 OR LIFE AND CHANGED THE JUDGE'S SIGNATURE. MORE THAN 15 YEARS HAS ELAPSED OF ILLEGAL CONFINEMENT AND HAS BEEN DEPRIVED OF A REMEDY BY LAW AND THE CONST. ART. 1, §12 AND ART. 11.07 C.C.P. WHICH HAS BEEN OVERRULED IN AN ABUSE OF WRIT THEORY UNRELATED TO MERITS OF RELATOR'S, SUPRA, CLAIMS, THERE WAS NO FINAL DISPOSITION OF INITIAL WRIT APPLICATIONS AND CONSIDERATION OF RELATOR'S LAST APPLICATION COULD NOT BE BARRED ACCORDING TO CT. CRIM APP. DECISION IN EX PARTE THOMAS, 953 SW2D 286, 289 (TEX. CRIM. APP. 1997).

### LACK OF ADEQUATE REMEDY AT LAW

RELATOR HAS NO OTHER ADEQUATE REMEDY AT LAW WHEN THE RESPONDENTS' FAILURE TO RULE ON THE MERITS OF THE TRIAL RECORDS AND THE COLLATERAL CONSEQUENCE'S IN DECIDING WHETHER A PARTI-CULAR REMEDY AT LAW IS ADEQUATE IN THE FAIR INTEREST OF JUSTICE.

SIGNED AND ENTERED ON THIS 7TH DAY OF OCT, 2024.

RESPECTFULLY SUBMITTED,

S/ _____
RELATOR
ROBERT RODRIGUEZ AKA JUAN ROBERTO RODRIGUEZ
TDCJ ID # 2303257 - 00570369
JESTER III UNIT, 3 JESTER ROAD
RICHMOND, TEXAS 77406

### UNSWORN DECLARATION BY AN INMATE

I, ROBERT RODRIGUEZ TDCJ ID # 0230 3257 - 0570369, DECLARES UNDER PENALTY OF PERJURY THAT EVERYTHING STATED HEREIN IS TRUE AND CORRECT AND RELATOR IS INDIGENT AND UNABLE TO PROVIDE COPIES OF SAID RECORD'S. RELATOR IS CONFINED AT THE JESTER III UNIT, IN RICHMOND, TEXAS. SIGNED THIS 7TH DAY OF OCT, 2024.

S/ _____
DECLARANT,

(PAGE 2)

OFFICIAL BUSINESS COURT OF CRIMINAL APPEALS OF TEXAS
STATE OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711
PENALTY FOR
PRIVATE USE

I-4

ZIP 78702  **$ 000.40⁶**
02 7W
0008034838 OCT 17 2024

FIRST-CLASS
AUTO
POSTCARD

**10/11/2024**
**RODRIGUEZ, JUAN ROBERTO   Tr. Ct. No. 1990-CR-1294        WR-30,183-19**
On this day, the motion for leave to file the original application for writ of mandamus
and original application for writ of mandamus has been received and presented to
the Court.

Deana Williamson, Clerk

received
10-24-24

JUAN ROBERTO RODRIGUEZ
JESTER III UNIT - TDC # 2303257
3 JESTER ROAD
RICHMOND, TX  77406

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE



FIRST-CLASS
AUTO
POSTCARD

US POSTAGE ᴘᵇ PITNEY BOWES

ZIP 78701   $ 000.40⁶
02 7W
0008034837 DEC 19 2024

**12/18/2024**
**RODRIGUEZ, JUAN ROBERTO   Tr. Ct. No. 1990-CR-1294      WR-30,183-19**
This is to advise that the Court has denied without written order motion for leave to
file the original application for writ of mandamus.

Deana Williamson, Clerk

Received 12-27-24

JUAN ROBERTO RODRIGUEZ
JESTER III UNIT - TDC # 2303257
3 JESTER ROAD
RICHMOND, TX  77406

1-4

KIZJAAB  77406